Case: 1:18-cv-07936 Document #: 20 Filed: 02/08/19 Page 1 of 4 PageID #:115
Case MDL No. 2879 Document 191 Filed 02/06/19 Page 1 of 4
Case 8:19-md-02879-PWG Document 1 Filed 02/06/19 Page 1 of 4

FILED
2/8/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
SXB

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: MARRIOTT INTERNATIONAL, INC.,
CUSTOMER DATA SECURITY BREACH
LITIGATION     MDL No. 2879

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in two actions move separately under 28 U.S.C. § 1407 to centralize this litigation in the District of Maryland. One movant alternatively suggests centralization in the District of Massachusetts. Plaintiffs' motions include eleven actions[1] pending in five districts, as listed on Schedule A. The Panel also has been notified of 70 potentially-related actions filed in eleven districts.[2]

The responding parties generally support centralization, though there is some opposition to including the *McGrath* securities action in centralized proceedings. Responding plaintiffs in nineteen actions support centralization in the District of Maryland, as do defendants Marriott International, Inc.; Marriott Hotel Services, Inc.; and Starwood Hotels & Resorts Worldwide, LLC (Starwood and, together, Marriott). Other suggested transferee districts are the Central District of California, the Northern District of California, the District of Connecticut, the Southern District of Florida, the Eastern District of New York, and the Northern District of Illinois.

On the basis of the papers filed and the hearing held, we find that centralization under Section 1407 of all actions in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Ten of these actions—which are putative nationwide and/or statewide consumer class actions—share factual issues concerning a recently-disclosed breach of Marriott's Starwood guest reservation database from 2014 to 2018. The factual overlap among these actions is substantial, as they all arise from the same data breach, and they all allege that Marriott failed to put in to place reasonable data protections. Many also allege that Marriott did not timely notify the public of the data breach. Centralization will eliminate

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] One motion includes the Eastern District of New York *McGrath* securities action, while the other does not.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

The *McGrath* action is brought on behalf of a putative nationwide class of Marriott stockholders. It alleges that defendants' filings with the U.S. Securities and Exchange Commission (SEC) misled investors about the security of Marriott's data systems, resulting in a drop in the price of Marriott securities upon announcement of the data breach. Plaintiffs in at least three consumer class actions support or do not oppose inclusion of *McGrath* in centralized proceedings. The *McGrath* plaintiff and defendants (as well as plaintiffs in two consumer class actions) argue that *McGrath* should not be included because it involves some unique defendants, unique claims, and some unique factual issues regarding the preparation of Marriott's SEC filings and the effect of the announcement of the data breach on Marriott's stock price. But there will be overlapping factual issues and discovery relating to, *inter alia*, what Marriott knew about the security of Starwood's guest reservation database during and after its acquisition of Starwood in 2016. Indeed, these factual issues likely will be central to both the securities action and the consumer class actions. We have held that Section 1407 "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). We find sufficient factual overlap among the actions to warrant including *McGrath* in centralized proceedings and that its inclusion will not impose a significant burden on the transferee judge. If the transferee judge finds at any point in pretrial proceedings that the inclusion of *McGrath* will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

We select the District of Maryland as the transferee district for this litigation. Marriott is headquartered in that district, and relevant documents and witnesses thus likely will be found there. Defendants and the vast majority of responding plaintiffs support selection of this district, and far more actions are pending there than in any other district.

Case: 1:18-cv-07936 Document #: 20 Filed: 02/08/19 Page 3 of 4 PageID #:117
Case MDL No. 2879 Document 191 Filed 02/06/19 Page 3 of 4
Case 8:19-md-02879-PWG Document 1 Filed 02/06/19 Page 3 of 4

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Maryland are transferred to the District of Maryland, and, with the consent of that court, assigned to the Honorable Paul W. Grimm for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

I hereby attest and certify on 2/7/19 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____ Deputy

Case: 1:18-cv-07936 Document #: 20 Filed: 02/08/19 Page 4 of 4 PageID #:118
Case MDL No. 2879 Document 191 Filed 02/06/19 Page 4 of 4
Case 8:19-md-02879-PWG Document 1 Filed 02/06/19 Page 4 of 4

IN RE: MARRIOTT INTERNATIONAL, INC.,
CUSTOMER DATA SECURITY BREACH
LITIGATION                                                              MDL No. 2879

## SCHEDULE A

Central District of California

KIM v. MARRIOTT INTERNATIONAL, INC., ET AL., C.A. No. 2:18-10034   PWG-19-358

Northern District of Illinois

FOX, ET AL. v. MARRIOTT INTERNATIONAL, INC., ET AL., C.A. No. 1:18-07936   PWG-19-359

District of Maryland

BELL, ET AL. v. MARRIOTT INTERNATIONAL, INC., C.A. No. 8:18-03684
SPROWL, ET AL. v. MARRIOTT INTERNATIONAL, INC., C.A. No. 8:18-03691
SUNDIUS-ROSE, ET AL. v. MARRIOTT INTERNATIONAL INC., C.A. No. 8:18-03696
ELLIOT v. MARRIOTT INTERNATIONAL, INC., C.A. No. 8:18-03700
WALKER v. MARRIOTT INTERNATIONAL, INC., ET AL., C.A. No. 8:18-03702
TAPLING, ET AL. v. MARRIOTT INTERNATIONAL INC., C.A. No. 8:18-03703
WEINSTEIN v. MARRIOTT INTERATIONAL, INC., ET AL., C.A. No. 8:18-03704

District of Massachusetts

PERKINS v. MARRIOTT INTERNATIONAL, INC., ET AL., C.A. No. 1:18-12477   PWG-19-367

Eastern District of New York

MCGRATH v. MARRIOTT INTERNATIONAL, INC., ET AL., C.A. No. 1:18-06845   PWG-19-368